## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Aug 25, 2016

IN RE:

**MICHAEL S. WHITE,**

           **Debtor.**

**Case No. 16-10303-M**
**Chapter 7**

---

**IVEY BROOKSIDE, LLC,**

           **Plaintiff,**

**v.**

**MICHAEL S. WHITE,**

           **Defendant.**

**Adv. No. 16-01020-M**

### MEMORANDUM OPINION

Organizing a business as a limited liability company, or LLC, under state law can provide various benefits to the owners, such as protecting the owners from any debts of and judgments against the business. In Oklahoma, in order to take advantage of these benefits, owners are required to register an LLC with the Oklahoma Secretary of State, and maintain that registration through the filing of annual certificates and payment of annual fees. Failure to properly maintain that registration can result in the suspension or cancellation of the business's status as an LLC. Ivey Brookside, LLC ("Creditor"), plaintiff herein, filed this adversary proceeding at a time when its articles of organization as an Oklahoma domestic limited liability company had been canceled. Creditor argues that such cancellation was due to a mere technical oversight of failing to file its annual certificates, and that its counsel acted promptly to remedy the situation as soon as he became aware of the lapse. Michael S. White ("Defendant") responded to the Complaint in this proceeding with a Motion to

Dismiss Complaint (the "Motion").  In the Motion, Defendant argues that under Oklahoma law,

Creditor was not a legal entity with the capacity to file or maintain a lawsuit in a court of law in this

state as of the filing date of the Complaint, and that this action must be dismissed.  Because the

parties have presented matters outside the pleadings, the Motion will be treated as one for summary

judgment under Rule 56.[1]  A hearing was held before this Court on August 2, 2016, at which the

parties were given the opportunity to present evidence and argument pertinent to the Motion.  The

following findings of fact and conclusions of law are made pursuant to Federal Rule of Bankruptcy

Procedure 7052.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is

proper pursuant to 28 U.S.C. § 1409.[2]  Reference to the Court of this matter is proper pursuant to 28

U.S.C. § 157(a).  This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (I).

## Summary Judgment Standard

The United States Court of Appeals of the Tenth Circuit has held that

> Summary judgment is appropriate when "the movant shows that there is no genuine
> dispute as to any material fact and the movant is entitled to judgment as a matter of
> law." Fed.R.Civ.P. 56(a). "An issue is 'genuine' if there is sufficient evidence on
> each side so that a rational trier of fact could resolve the issue either way." *Adler v.
> Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998). "An issue of fact is
> 'material' if under the substantive law it is essential to the proper disposition of the
> claim." *Id.* Put differently, "[t]he question . . .  is whether the evidence presents a
> sufficient disagreement to require submission to a jury or whether it is so one-sided

---

[1]  Fed. R. Civ. P. Rule 12(d), made applicable to this adversary proceeding by Fed. R. Bankr. P. Rule 7012(b).  Counsel for both parties have agreed to the Court treating the Motion as a motion for summary judgment.

[2]  Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

that one party must prevail as a matter of law." *Shero v. City of Grove,* 510 F.3d 1196, 1200 (10th Cir. 2007) (quotation omitted). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quotation omitted).[3]

The Court will apply this standard to the Motion.

**Findings of Fact**

There is no genuine dispute as to the following material facts:

1.      Defendant filed for bankruptcy relief pursuant to Chapter 7 of the Bankruptcy Code on February 25, 2016, Northern District of Oklahoma Bankruptcy Case No. 16-10303-M.

2.      Creditor is an Oklahoma domestic limited liability company formed on December 17, 2009.  Its term of existence was designated as "perpetual."[4]

3.      Creditor's status as an Oklahoma domestic limited liability company was terminated on February 16, 2013.  Creditor's articles of organization as an Oklahoma domestic limited liability company were canceled on February 16, 2016.[5]

3.      All creditors in Defendant's underlying bankruptcy case were given notice that the deadline to object to the discharge of certain debts under § 523(a)(2), (4), or (6) was

---

[3]  *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

[4]  *See* Defendant's Exhibit No. 1.

[5]  *See id.*  Creditor originally objected to the Court's consideration of this set of facts based on a lack of admissible evidence.  That objection was withdrawn at the August 2, 2016, hearing based on additional evidence presented by Defendant.

May 23, 2016.[6]  Creditor timely filed the Complaint in this adversary proceeding on May 20, 2016, alleging that Defendant owes a debt to Creditor that is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

4.    On June 10, 2016, Creditor's status as a limited liability company was "reinstated," and it is currently duly organized and existing under the laws of the State of Oklahoma and in good standing according to the records of the Office of the Secretary of State of Oklahoma.[7]

## Background

The resolution of this case requires the Court to consider the retroactive effect of a reinstatement of the canceled articles of organization of an LLC under Oklahoma law, and specifically, whether such reinstatement will "relate back" to ratify actions taken in the name of the LLC while it was a nonentity.  Creditor does not dispute that its articles of organization were canceled on February 16, 2016, for failure to file its annual certificates and pay the required fees for three years.  It argues that such failure was a technical oversight.  Creditor presented evidence that prior to the hearing in this matter it had taken steps to cause its articles to be reinstated, and that as of June 10, 2016, it is a domestic LLC in good standing in Oklahoma.  Creditor argues that such reinstatement is sufficient to relate back and ratify any actions taken while its articles were canceled, specifically the filing of this adversary proceeding.

Defendant disagrees.  He argues that even if the Court were to accept each of the allegations in the Complaint as true, Creditor may not maintain this action because it was not a separate legal

---

[6]  *See* Case No. 16-10303-M, *at Docket No. 4-1*.

[7]  *See* Creditor's Exhibit No. 100.

4

entity with the capacity to sue on the date this action was filed.  Defendant argues that reinstatement of articles of organization under Oklahoma law does not cause an LLC's capacity to sue to relate back to a time when its articles were canceled.  Therefore, Defendant concludes, the Court must dismiss this action, effectively with prejudice to refiling because the time to bring an action under § 523(a)(4) has now expired.[8]

## Conclusions of Law

For a party that is not a corporation or an individual, the capacity to sue or be sued in this Court is determined "by the law of the state where the court is located."[9]  Under Oklahoma law, a limited liability company, or LLC, is not a corporation but is, instead, an unincorporated association or proprietorship.[10]  The capacity of Creditor to file this action, i.e., an Oklahoma LLC bringing suit in an Oklahoma court, is determined by Oklahoma law.  That law provides that "any person, corporation, partnership, or unincorporated association shall have capacity to sue or be sued in this state."[11]  The question before the Court is whether Creditor existed as an entity with the capacity to bring a lawsuit in an Oklahoma court on May 20, 2016, when this action was filed, or whether any subsequent action by Creditor has restored that capacity.

---

[8]  *See* § 523(d).

[9]  Fed. R. Civ. P. Rule 17(b)(3), made applicable to this proceeding by Fed. R. Bankr. P. Rule 7017.

[10]  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015) (citing Okla. Stat. tit. 18, § 2001(11)).

[11]  Okla. Stat. tit. 12, § 2017(B).

5

*The Oklahoma Limited Liability Company Act*

The Oklahoma Limited Liability Company Act (the "LLC Act"),[12] governs the formation, operation, dissolution, and cancellation of Oklahoma limited liability companies.[13] A domestic LLC is formed under the LLC Act when executed articles of organization are filed with the Secretary of State, along with payment of the requisite fees.[14] Among other things, the articles of organization must specify the term of existence of the LLC, which may be perpetual.[15] Once its articles become effective, the LLC becomes a separate legal entity, "the existence of which as a separate legal entity continues *until cancellation of the limited liability company's articles of organization* and completion of its winding up, if any."[16] Among the powers of an Oklahoma LLC is the right to "sue, be sued, complain and defend in all courts[.]"[17] Among the duties of an Oklahoma LLC is filing a certificate each year with the Office of the Secretary of State confirming that it is an active business and payment of an annual certificate fee of $25.[18] The annual certificate and fee are due each year on the anniversary date of the filing of the articles of organization.[19]

─────────────────

[12] Okla. Stat. tit. 18, §§ 2000 *et. seq., as amended.*

[13] *In re Midpoint Dev., L.L.C.*, 466 F.3d 1201, 1204 (10th Cir. 2006); *Vista Exploration Co. v. Mewbourne Oil Co.*, No. CIV-10-213-C, 2010 WL 1980196, *1 (W.D. Okla. May 17, 2010).

[14] Okla. Stat. tit. 18, §§ 2004, 2007.

[15] *Id.* § 2005(A)(2).

[16] *Id.* § 2004(B)(1) (emphasis added).

[17] *Id.* § 2003(1).

[18] *Id.* § 2055.2(A).

[19] *Id.* § 2055.2(B).

Under Oklahoma law, an LLC that fails to timely file the annual certificate and pay the required fee ceases to be in good standing as a domestic LLC.[20]  Among other things, a domestic LLC that has ceased to be in good standing "may not maintain any action, suit or proceeding in any court of this state until the domestic limited liability company has been reinstated as a domestic limited liability company in good standing[.]"[21]  Reinstatement as an LLC in good standing requires the filing of all delinquent annual certificates and fees with the Secretary of State along with an application for reinstatement.[22]  Such application may not extend the term of the LLC as stated in its articles of organization, if it expired before the application for reinstatement.[23]  In addition, the LLC Act also provides that

> The failure of a domestic limited liability company . . . to file an annual certificate and pay an annual certificate fee or a registered agent fee to the Secretary of State shall not impair the validity on any contract, deed, mortgage, security interest, lien or act of the domestic limited liability company . . . or prevent the domestic limited liability company . . . from defending any action, suit or proceeding with any court of this state.[24]

Several events can result in the articles of organization of an LLC being canceled.[25]

---

[20]  *Id.* § 2055.2(D).

[21]  *Id.* § 2055.2(F).

[22]  *Id.* § 2055.2(G).

[23]  *Id.*

[24]  *Id.* § 2055.2(H).

[25]  *Id.* § 2012.1(A) ("The articles of organization shall be canceled upon the dissolution and the completion of winding up of a limited liability company, *or as provided in subsection B of this section*, or upon the filing of a certificate of merger or consolidation if the limited liability company is not the surviving or resulting entity in a merger or consolidation, or upon the conversion of a domestic limited liability company approved in accordance with Section 2054.2 of this title.") (emphasis added).

Relevant to this case, when an LLC has failed to file its annual certificate and pay the annual fee for three years from the due date, the articles of organization of the LLC "shall be deemed to be canceled[.]"[26]   Such cancellation is effective on the third anniversary of the due date.[27]   The consequence of cancellation is that the LLC ceases to exist.[28]   Once the articles of organization of an LLC have been canceled, it may apply for reinstatement in the same manner as if it were not in good standing, i.e., by filing an application along with the delinquent certificates and fees.[29]

*The retroactive effect of reinstatement of an LLC under Oklahoma law*

When interpreting Oklahoma law, this Court must give effect to the intent of the legislature, which is presumed to be expressed in the plain language of the statute.[30]   "If a statute is plain and unambiguous, it will not be subjected to judicial construction, but will receive the effect its language dictates."[31]   "When possible, different provisions must be construed together to effect a harmonious whole and give intelligent effect to each."[32]

Under the LLC Act, articles of organization are essential to the creation of an LLC as a

---

[26]   *Id.* § 2012.1(B).

[27]   *Id*.

[28]   *In re Midpoint Dev., L.L.C.*, 466 F.3d 1201, 1204 (10th Cir. 2006).

[29]   Okla. Stat. tit 18, §§ 2012.1(C), 2055.2(G).

[30]   *See Yocum v. Greenbriar Nursing Home*, 130 P.3d 213, 219 (Okla. 2005); *Horton v. Bank of Am., N.A.*, ___ F. Supp. 3d ___, No. 16-CV-119-GKF-FHM, 2016 WL 2901749, at *4 (N.D. Okla. May 18, 2016).

[31]   *Rogers v. Quiktrip Corp.*, 2010 OK 3, 230 P.3d 853, 859 (Okla. 2010) (as revised); *Yocum*, 130 P.3d at 219.   *See also Horton,* 2016 WL 2901749, at *4.

[32]   *Rogers v. Quiktrip Corp.*, 230 P.3d at 859.

separate legal entity.[33]  An LLC exists as a separate legal entity, with all of the powers granted by the statute, only until the cancellation of the LLC's articles.[34]  The failure to file the annual certificate and pay the attendant fees within three years from the due date results in the cancellation of the articles of organization.[35]  Once its articles are canceled, the former LLC ceases to exist as a separate legal entity.[36]  While the statute provides that an LLC whose articles of organization have been canceled may apply for reinstatement of same, it is silent on the retroactive effect of that reinstatement.  But such silence does not introduce ambiguity.  While the statute provides for the reinstatement of the articles of organization to once again allow the LLC to stand as a separate legal entity that may enjoy the rights and privileges provided by the LLC Act, this Court finds nothing in the statutory language to suggest that such reinstatement has any retroactive effect.

The Court finds that as of February 16, 2016, Creditor ceased to be a separate legal entity, and was not a separate legal entity when it filed the underlying Complaint in this adversary proceeding or at any time before the deadline to file a non-dischargeability complaint in this case.  Therefore the Court does not have jurisdiction over this action.  The Court also finds that the subsequent reinstatement of the Creditor's articles of organization, pursuant to title 18, section 2055.2(G) of the Oklahoma Statutes, did not restore its capacity to sue retroactively.  Even taking the well pled allegations in the Complaint as true, the Court must dismiss this action.

---

[33]  *See* Okla. Stat. tit 18, § 2004(B)(1).

[34]  *Id.*

[35]  *See id.* § 2012.1.

[36]  *See, e.g., Barham v. Toney*, Case No. CIV-14-388-JHP, 2016 WL 3365410, at *2 (E.D. Okla. June 16, 2016) (slip copy); *In re Midpoint Dev., L.L.C.*, 466 F.3d 1201, 1204 (10th Cir. 2006).

In reaching this conclusion, the Court looks to a decision of the Court of Civil Appeals of Oklahoma, *AT&T Advertising, L.P. v. Winningham*.[37]   *AT&T Advertising* involved the personal liability of the defendant based on contracts that he signed on behalf of an Oklahoma limited liability company at a time when its articles of organization had been canceled.   The court in *AT&T Advertising* addressed whether an LLC that had been canceled by the Secretary of State for non-payment of fees for three years provided a liability shield to the LLC's agent for contracts signed after the cancellation, where the defendant subsequently caused the LLC to be incorporated.[38]   The court concluded that the articles of organization were essential to the formation and existence of the LLC, and that their cancellation meant that the LLC no longer existed.[39]   In reaching this conclusion, the court noted that the statute expressly distinguishes between an LLC whose articles have been canceled, and one that is merely "not in good standing,"[40] noting that the former carries "a more

---

[37]  280 P.3d 360, 2012 OK CIV APP 51 (Okla. Civ. App. 2012).  *See Horton v. Bank of Am., N.A.*, __ F. Supp. 3d __, No. 16-CV-119-GKF-FHM, 2016 WL 2901749, at *5 (N.D. Okla. May 18, 2016) ("Where, as here, a federal court, sitting in diversity, is faced with an issue of state law on which there is no controlling precedent, the 'court must attempt to predict how the state's highest court would resolve the issue.' *Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1180 (10th Cir. 2005).  In doing, the court ordinarily 'must follow the decisions of intermediate state courts,' absent 'convincing evidence that the highest court of the state would decide [the issue] differently.' *Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467, 61 S.Ct. 336, 85 L.Ed. 284 (1940).").

[38]  Even though the LLC had filed "articles of conversion," the court found that such a conversion to a corporation was not allowed under the statute after the LLC's articles had been canceled, and treated the attempt as the incorporation of a new entity.  *See AT&T Advertising*, 280 P.3d at 365–66.

[39]  *Id.* at 363–64.

[40]  *Id.* at 363.

10

serious penalty."[41]

Creditor attempts to distinguish the holding in *AT&T Advertising* from the present case. First, Creditor notes that this case is factually different because the Oklahoma LLC Act has been amended to allow an LLC to seek reinstatement, which was not available under the facts of the *AT&T Advertising* case. This Court agrees that both the facts and the law regarding reinstatement of an LLC are distinguishable. The LLC in *AT&T Advertising* did not, and under the statute in effect at the time could not, seek *reinstatement of the articles of the LLC.* Under the current statute, Creditor both could, and did, cause its articles of organization to be reinstated. Creditor's argument on this point is well taken. The Court agrees that any statements made by the court in *AT&T Advertising* regarding the *effect of reinstatement of an LLC's articles*, as opposed to conversion of the LLC to a corporation, should be regarded as dicta. That does not, however, change this Court's reading of *AT&T Advertising* regarding the *effect of cancellation of an LLC's articles of organization*. Those conclusions, which hold that an LLC ceases to exist when its articles of organization are canceled, remain good law.

Secondly, Creditor seeks to distinguish this case factually from *AT&T Advertising* because Creditor both sought and received a certificate of reinstatement of its articles of organization. This is apparently an argument that the *effect of reinstatement of an LLC's articles* under the statute is to fully rehabilitate the LLC as if its articles were never canceled. While the receipt of a certificate of reinstatement is a factual difference from the *AT&T Advertising* case, its significance is not as critical as Creditor suggests. Although the statute does allow for reinstatement of the LLC's articles of

---

[41] *Id.* at 364.

11

organization, it does not expressly state that reinstatement will erase all effects of a cancellation.[42]

Section 2055.2(G) of title 18 of the Oklahoma Statutes provides that both LLCs that have *ceased to*

*be in good standing* and those whose *articles of organization have been canceled* for failure to file

the annual certificates and fees may apply for reinstatement.  Section 2055.2(F) of title 18 of the

Oklahoma Statutes provides that an LLC that has *ceased to be in good standing* may not maintain

any action or suit until it has been reinstated as an LLC in good standing.  Creditor makes the logical

leap that once the articles of a canceled LLC have been reinstated, it can then take advantage of

§2055.2(F), as if it had merely ceased to be in good standing.[43]  The Court is unwilling to make that

leap.

Lastly, Creditor argues that the court in *AT&T Advertising* misinterpreted newly amended

portions of the LLC Act, which caused it to reach an erroneous conclusion regarding the "relation

back" effect of reinstatement of an LLC's articles.  The statutory language in question is found at

section 2055.2(G) of title 18 of the Oklahoma Statutes:

---

[42]  In contrast, the Oklahoma General Corporation Act expressly states the consequences of the restoration or revival of a corporation's articles of incorporation.  *See* Okla. Stat. tit. 18, 1120(E) ("Upon the filing of the certificate in accordance with the provisions of Section 1007 of this title, the corporation shall be renewed and revived with the same force and effect as if its certificate of incorporation had not become forfeited, or had not expired by limitation. Such reinstatement shall validate all contracts, acts, matters and things made, done and performed within the scope of its certificate of incorporation by the corporation, its officers and agents during the time when its certificate of incorporation was forfeited or after its expiration by limitation, with the same force and effect and to all intents and purposes as if the certificate of incorporation had at all times remained in full force and effect.").

[43]  *See* Okla. Stat. tit 18, § 2055.2(F). This Court makes no statement whether § 2055.2(F) of title 18 has the fully rehabilitative effects assumed by Creditor.  That issue is not before the Court.  *See, e.g., Parker Livestock LLC v. Oklahoma National Stock Yards Co.*, No. CIV-12-00983-R (W.D. Okla. May 17, 2013) (unpublished order) (complaint dismissed where plaintiff LLC was "inactive and not in good standing" on filing date, despite subsequent reinstatement).

> The *application for reinstatement* may amend the articles of organization of the domestic limited liability company or the application for registration of the foreign limited liability company, subject in either case to the payment of the additional fee required in Section 2055 of this title for amendments; *provided, that the application may not extend the term of a limited liability company that had expired before the application for reinstatement*.[44]

The court in *AT&T Advertising* interpreted this section to mean that "reinstatement does not extend the term of an expired LLC."[45]  In a separate footnote, the court stated that "[w]hile the term 'expired' is new, we assume the Legislature intended to mean 'dissolve' or 'cancelled,' i.e., no longer in existence."[46]  The Court agrees with Creditor that the court in *AT&T Advertising* appears to have misinterpreted the meaning of this language.  When the articles of organization of an LLC are initially filed, they must set forth the term of existence of the LLC.[47]  Any change in that term must be reflected in an amendment to the articles.[48]  The quoted sentence from § 2055.2(G) of title 18 merely states that an application for reinstatement is not appropriate where an LLC has already expired, according to the "term" set forth in the articles of organization.  The Court agrees with Creditor that this provision has no application to an LLC whose articles were canceled by the Secretary of State for delinquent certificates or fees.  As noted *supra*, under the facts of *AT&T Advertising*, all statements regarding reinstatement of an LLC were dicta.  This Court does not rely on, nor is it bound by those statements.  This Court's reading of the statute does not lead it to

---

[44]  Okla. Stat. tit 18, § 2055.2(G) (emphasis added).

[45]  *See AT&T Advertising*, 280 P.3d at 365.

[46]  *Id.* at. 365 n.7.

[47]  Okla. Stat. tit 18, § 2005(A)(2).

[48]  *Id.* at § 2011(A)(3).

conclude that reinstatement of an LLC's articles relates back to authorize all suits and actions taken while the LLC's articles were canceled, as urged by Creditor.

Creditor relies on *Williams v. Smith & Nephew, Inc.*, for the statement that "[t]he fact that the corporation may be revived and reinstated reflects that the corporation is not legally dead."[49] Creditor also cites to *Williams* for the proposition that reinstatement of a corporate charter, which has been suspended for failure to pay franchise taxes, effectively revives and renews the corporation, including its ability to sue and defend lawsuits, as if its certificate of incorporation had never been forfeited.[50] *Williams* is inapplicable for several reasons. First, and most obviously, *Williams* dealt with a corporation, which is governed by Oklahoma's General Corporation Act.[43] That statute has no application to a limited liability company.[44] Second, *Williams* dealt with the application of title 68, section 1212(C) of the Oklahoma Statutes, a provision of the Franchise Tax Code that Creditor acknowledges has no application to an Oklahoma LLC. Lastly, the corporate charter of the affected entity in *Williams* had been *suspended*, and its corporate rights *forfeited* by statute, but the corporation itself had not been canceled or dissolved. The Court is unable to draw any factual or legal inference from *Williams* to the case *sub judice*.

The court in *AT&T Advertising* relied on *In re Midpoint Development, L.L.C.* from the Court

---

[49]  212 P.3d 484, 487 (Okla. 2009).

[50]  *Id.* at 488.

[43]  Okla. Stat. tit. 18, §§ 1001, *et. seq*.

[44]  *See* Okla. Stat. tit. 18, § 2001(11) (defining "limited liability company" as "an entity that is an unincorporated association or proprietorship having one or more members that is organized and existing under the laws of this state"). *See also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015) ("Oklahoma law makes clear that an LLC is not a corporation but is, instead, an unincorporated association.").

of Appeals for the Tenth Circuit.[45]  In that case, the sole member of an Oklahoma LLC had filed articles of dissolution with the Secretary of State, which resulted in the cancellation of its articles of organization.  The court in *Midpoint Development* concluded that the LLC ceased to exist when its articles of organization where canceled, and that it did not maintain the legal capacity to "wind up" its affairs.  The court found that a bankruptcy case filed by a receiver for the defunct LLC was a nullity because the LLC had ceased to legally exist upon the cancellation of its articles, and it was thus unable to avail itself of the bankruptcy laws.  The court in *Midpoint Development* was primarily faced with the issue of whether an LLC had the capacity to wind up its affairs after dissolution, and did not address the issue of a subsequent reinstatement of the entity.

Other courts have reached the same conclusion regarding the relation back effect of the reinstatement of an LLC's articles of organization.  In *Vista Exploration Co. v. Mewbourne Oil Co.*, the United States District Court for the Western District of Oklahoma faced facts almost identical to those *sub judice*.[46]  That court dismissed an action because it was commenced by a defunct LLC that was not a legal entity permitted to bring suit in any Oklahoma court, even though the LLC in that case had provided evidence of its subsequent reinstatement.  Like the court in *AT&T Advertising*, the court in *Vista Exploration Co.* applied a pre-2010 version of the LLC Act.

In *Parker Livestock LLC v. Oklahoma National Stock Yards Co.*, the United States District Court for the Western District of Oklahoma again faced similar facts.[47]  In that case, the plaintiff

---

[45]  *In re Midpoint Dev., L.L.C.*, 466 F.3d 1201 (10th Cir. 2006).

[46]  *Vista Exploration Co. V. Mewbourne Oil Co.*, No. CIV-10-00213-C, 2010 WL 1980196 (W.D. Okla. May 17, 2010).

[47]  *Parker Livestock LLC v. Oklahoma National Stock Yards Co.*, No. CIV-12-00983-R (W.D. Okla. May 17, 2013) (unpublished order).

LLC was described as being "inactive and not in good standing" as of the date of the filing of the action, although it was subsequently reinstated.  Following the court's decision in *Vista Exploration Co.*, the court held that because the plaintiff was not in good standing at the time it filed suit, the court lacked jurisdiction over the matter and the action must be dismissed.

In a pair of orders in *Barham v. Toney*, the United States District Court for the Eastern District of Oklahoma faced a similar issue.[48]  In that case, the defunct LLC was a defendant instead of the plaintiff.  The court determined that the defunct LLC, whose articles of organization had been canceled prior to initiation of the suit, ceased to exist as a legal entity, and therefore lacked the capacity to be sued under Oklahoma law.  The court in *Barham* did not face nor did it opine on the effect of any possible reinstatement of an LLC's articles.

Creditor argues that its failure to file its annual certificate and fees with the Secretary of State was a technical oversight, and that it would be unfair and inequitable to dismiss this case given that its articles of organization have now been rehabilitated.  Creditor recognizes, correctly, that dismissal will effectively be with prejudice to refiling since the deadline to file a non-dischargeability complaint in this case has passed.  This Court is not prepared to comment on the technical nature of the result, except to note that the cancellation of the Creditor's articles by the Secretary of State was in full compliance with the laws of the State of Oklahoma.  Creditor does not suggest that it received inadequate notice of Defendant's bankruptcy filing or the deadlines therein.  Nor does Creditor suggest that Defendant was responsible for Creditor's failure to file its annual certificates with the State or otherwise caused its articles to be canceled.  While dismissal of this action may be

---

[48] *Barham v. Toney*, No. CIV-14-388-JHP, 2016 WL 3365410 (E.D. Okla. June 16, 2016) (slip copy); 2015 WL 4897960 (E.D. Okla Aug. 17, 2015).

unfortunate for Creditor, the Court cannot say that it is inequitable or unfair.  Based on the plain language of the LLC Act, the Court finds that such an outcome is consistent with the intent of the Oklahoma legislature.

**Conclusion**

At the time this adversary proceeding was filed, and at all times prior to the deadline to file a non-dischargeability complaint in this case, Creditor did not exist as a separate legal entity that could sue or be sued in the courts of Oklahoma, meaning that it could not invoke the jurisdiction of the bankruptcy court in this adversary proceeding.  The Court does not find any statutory provision under Oklahoma law that would cause the subsequent reinstatement of Creditor's articles of organization, pursuant to section 2055.2(G) of title 18 of the Oklahoma Statutes, to relate back in a way that would allow it to proceed in this action.  Therefore summary judgement in favor of Defendant is appropriate, and this action must be dismissed.

A separate judgment consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 25th day of August, 2016.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

7042.3